# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATTERSON TMP OPERATING, LLC; GOLDEN TREE RESTAURANTS, LLC; BISCUITVILLE FRESH SOUTHERN; HUDDLE HOUSE, INC.; AND PERKINS LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> PILGRIM'S PRIDE CORPORATION; KOCH FOODS, INC.; JCG FOODS OF ALABAMA, LLC; JCG FOODS OF GEORGIA, LLC; KOCH MEAT CO., INC.; SANDERSON FARMS, INC.; SANDERSON FARMS, INC. (FOOD DIVISION); SANDERSON FARMS, INC. (PRODUCTION DIVISION); SANDERSON FARMS, INC. (PROCESSING DIVISION); HOUSE OF RAEFORD FARMS, INC.; MAR-JAC POULTRY, INC.; PERDUE FARMS, INC.; PERDUE FOODS, LLC; WAYNE FARMS, LLC; SIMMONS FOODS, INC.; SIMMONS PREPARED FOODS, INC.; O.K. FOODS, INC.; O.K. FARMS, INC.; O.K. INDUSTRIES, INC.; HARRISON POULTRY, INC.; FOSTER FARMS, LLC; FOSTER POULTRY FARMS; NORMAN W. FRIES, INC. d/b/a CLAXTON POULTRY FARMS, INC.; MOUNTAIRE FARMS, INC.; MOUNTAIRE FARMS, LLC; MOUNTAIRE FARMS OF DELAWARE, INC.; CASE FOODS, INC.; CASE FARMS, LLC; CASE FARMS PROCESSING, INC.; and AGRI STATS, INC., <br><br> Defendants. | Case No. 21-4658 <br><br> **COMPLAINT AND JURY DEMAND** |

# COMPLAINT

1. Plaintiff Patterson TMP Operating, LLC ("Patterson") is a Texas corporation with its principal place of business in Fort Worth, Texas. Patterson is a foodservice distributor servicing the Southwest United States.

2. Plaintiff Golden Tree Restaurants, LLC ("Golden Tree") is a Texas limited liability company with its principal place of business in Richardson, Texas. Golden Tree is the exclusive owner by express assignment of all antitrust claims arising from injuries caused by Defendants described herein to all Golden Tree entities, subsidiaries, and affiliates, including Golden Franchising Corporation, JCBH Franchising, LLC, Lenpar Operations, LLC, ET Golden Ventures, LLC, Heff's Burgers Franchising, LLC, Texadelphia Franchising, LLC, and Jalapeno Tree Operating, LLC. Golden Tree, by and through its subsidiaries and affiliates, own, operate, and franchise more than 240 restaurants throughout Florida, Georgia, Louisiana, Oklahoma, South Carolina, and Texas.

3. Plaintiff Biscuitville Fresh Southern ("Biscuitville") is a privately held North Carolina corporation with its principal place of business in Greensboro, North Carolina. Plaintiff Biscuitville owns and operates more than 60 restaurants in North Carolina and Virginia.

4. Plaintiff Huddle House, Inc. ("Huddle House") is a privately held Georgia corporation with its principal place of business in Atlanta, Georgia. Plaintiff Huddle House owns, operates, and franchises more than 300 restaurants across more than twenty states with a concentration in the Southeast United States.

5. Plaintiff Perkins LLC ("Perkins") is a privately held Delaware corporation with its principal place of business in Atlanta, Georgia. Plaintiff Perkins owns, operates, and franchises

more than 300 restaurants across the United States and Canada under the "Perkins Restaurant & Bakery" brand.

7. During the relevant time period, Plaintiffs Patterson, Biscuitville, Huddle House and Perkins directly purchased Broilers (as that term is defined in the Direct Action Plaintiffs' Amended Consolidated Complaint and Demand for Jury Trial filed in *In re Broiler Chicken Antitrust Litigation*, 1:16-cv-08637 (N.D. Ill.) (ECF Nos. 4243, 4244)) in the United States from one or more of the Defendants and/or their co-conspirators, and sustained injury and damages as a proximate result of the antitrust violations and other unlawful activities alleged in this Complaint. During the relevant time period, Huddle House and Perkins also utilized distributors or other purchasing agents to supply their restaurants with Broilers.

7. Plaintiff Golden Tree brings this action on its own behalf and pursuant to assignments with Performance Food Group, Inc. ("PFG" or "Assignor"). PFG, on behalf of its affiliates and predecessors, has assigned its federal antitrust claims based on direct purchases made in the United States for Golden Tree's company-owned, franchised, and developed licensee locations in the United States.[1]

8. During the relevant time period, Plaintiff Golden Tree and/or its Assignor directly purchased Broilers from one or more of the Defendants and/or their co-conspirators, and sustained injury and damages as a proximate result of the antitrust violations and other unlawful activities alleged in this Complaint.

9. Plaintiffs Patterson, Golden Tree, Biscuitville, Huddle House and Perkins (collectively, "All Plaintiffs") bring this action against the Defendants identified below, and incorporate by reference the factual allegations and reservations of rights contained in the Direct Action Plaintiffs'

---

[1] The references in this Complaint to Golden Tree include Golden Tree's Assignor.

Amended Consolidated Complaint and Demand for Jury Trial filed in *In re Broiler Chicken Antitrust Litigation*, 1:16-cv-08637 (N.D. Ill.) (ECF Nos. 4243, 4244) on January 29, 2021.[2]

10. All Plaintiffs join Section II of the Direct Action Plaintiffs' Amended Consolidated Complaint and Demand for Jury Trial, adding the following to specify their causes of action and the Defendants in this action:

| Plaintiff Names | Named Defendants[3] | Named Co-Conspirators | Causes of Action |
|---|---|---|---|
| Patterson | Agri Stats; Case; Claxton; Foster Farms; Harrison; House of Raeford; Keystone; Koch; MarJac; Mountaire; O.K. Foods; Perdue; Pilgrim's Pride; Sanderson; Simmons; Tyson; Wayne | Amick; Fieldale; George's; Peco | Count I (Sherman Act Claim for all Anticompetitive Conduct)' Count II (Sherman Act Claim for Output Restriction); Count III (Sherman Act Claim for GA Dock Manipulation) |
| Biscuitville | Agri Stats; Case; Claxton; Foster Farms; Harrison; House of Raeford; Keystone; Koch; MarJac; Mountaire; O.K. Foods; Perdue; Pilgrim's Pride; Sanderson; Simmons; Tyson; Wayne | Amick; Fieldale; George's; Peco | Count I (Sherman Act Claim for all Anticompetitive Conduct)' Count II (Sherman Act Claim for Output Restriction); Count III (Sherman Act Claim for GA Dock Manipulation) |
| Golden Tree | Agri Stats; Case; Claxton; Foster Farms; Harrison; House of Raeford; Keystone; Koch; | Amick; Fieldale; George's; Peco | Count I (Sherman Act Claim for all Anticompetitive Conduct)' Count II (Sherman Act Claim for Output |

---

[2] Pursuant to the Court's Orders in *In re Broiler Chicken Antitrust Litig.*, 1:16-cv-08637, the Direct Action Plaintiffs filed an Amended Consolidated Complaint containing "all the allegations the Direct-Action Plaintiffs make against all Defendants" on January 29, 2021 [ECF Nos. 4243, 4244]. In an effort to promote efficiency, All Plaintiffs file this abbreviated pleading that incorporates by reference and adopts the allegations set forth in the Direct Action Plaintiffs' Amended Consolidated Complaint and Demand for Jury Trial. If the Court prefers a different form or process, All Plaintiffs will withdraw this pleading and proceed according to the Court's direction.

[3] The Defendants and Co-Conspirators named in this Complaint include the entire family of each Defendant or Co-Conspirators in this table, identified in Section IV.B of ECF 4243/4244.

|  | MarJac; Mountaire; O.K. Foods; Perdue; Pilgrim's Pride; Sanderson; Simmons; Tyson; Wayne |  | Restriction); Count III (Sherman Act Claim for GA Dock Manipulation) |
|---|---|---|---|
| Huddle House | Agri Stats; Case; Claxton; Foster Farms; Harrison; House of Raeford; Keystone; Koch; MarJac; Mountaire; O.K. Foods; Perdue; Pilgrim's Pride; Sanderson; Simmons; Tyson; Wayne | Amick; Fieldale; George's; Peco | Count I (Sherman Act Claim for all Anticompetitive Conduct)' Count II (Sherman Act Claim for Output Restriction); Count III (Sherman Act Claim for GA Dock Manipulation); Count XXXIII (Violation of Alabama Antitrust Law); Count XXII (Violation of the Florida Deceptive and Unfair Trade Practices Act); Count XXIV (Violation of Illinois Antitrust Law); Count XXVIII (Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act); Count XLVI (Violation of Kansas Antitrust Act); Count XXXIX (Violation of Missouri Merchandising Practices Act); Count XLII (Violation of North Carolina Unfair Trade Act); Count XLVII (Violation of Nebraska Junkin Act); Count XLVIII (Violation of the Nebraska Consumer Protection Act); Count LVII (Violation of the South Carolina Unfair Trade Practices Act); Count LI (Violation of the Tennessee Trade Practices Act); Count XLV (Violation of Virginia Consumer Protection Act) |

| Perkins | Agri Stats; Case; Claxton; Foster Farms; Harrison; House of Raeford; Keystone; Koch; MarJac; Mountaire; O.K. Foods; Perdue; Pilgrim's Pride; Sanderson; Simmons; Tyson; Wayne | Amick; Fieldale; George's; Peco; Marshall Durbin | Count I (Sherman Act Claim for all Anticompetitive Conduct)' Count II (Sherman Act Claim for Output Restriction); Count III (Sherman Act Claim for GA Dock Manipulation); Count XXIII (Violation of Arizona's Uniform State Antitrust Act); Count XXXIV (Violation of the Colorado Consumer Protection Act); Count XXII (Violation of Florida Deceptive and Unfair Trade Practices Act); Count XXIV (Violation of Illinois Antitrust Act); Count XLVI (Violation of the Kansas Restraint of Trade Act); Count XXXVIII (Violation of the Michigan Antitrust Reform Act); Count XXIX (Violation of the Minnesota Consumer Fraud Act); Count XXXIX (Violation of the Missouri Merchandising Practices Act); Count XLVII (Violation of the Nebraska Junkin Act); Count XLVIII (Violation of the Nebraska Consumer Protection Act); Count XXVII (Violation of Section 340 of the New York General Business Law); Count LVII (Violation of the North Carolina Unfair Trade and Business Practices Act); Count LI (Violation of the Tennessee Trade Practices Act); Count XLIV (Violation of the Utah |

|  |  |  | Antitrust Act); Count XLV (Violation of Virginia Consumer Protection Act); Count XIV (Violation of the Wisconsin Antitrust Act) |

## PRAYER FOR RELIEF

WHEREFORE, All Plaintiffs respectfully request that the Court:

A. Enter joint and several judgments against all Defendants in favor of All Plaintiffs;

B. Award All Plaintiffs damages against Defendants in a joint and several judgment for an amount to be determined at trial to the maximum extent allowed under the claims stated above, as well as treble damages, any other enhancements of damages, attorneys' fees, expenses, and costs as provided by law;

C. Award All Plaintiffs pre- and post-judgment interest as provided by law, with such interest to be awarded at the highest legal rate;

D. Award All Plaintiffs their attorneys' fees, litigation expenses, and costs, as provided by law; and

E. Grant All Plaintiffs such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury on all their claims and issues so triable.

DATED: August 31, 2021          Respectfully submitted,

/s/ Cindy Reichline
Keith L. Butler
Cindy Reichline
BRS LLP
12100 Wilshire Blvd., Suite 800

Los Angeles, CA 90025
Tel: (818) 292-8616
Email: kbutler@brsllp.com
creichline@brsllp.com